May it please the Court, Counsel Christopher Puza representing Appellant Big Sky Scientific. I'd like to reserve five minutes for rebuttal. The District Court in this case erred in three ways. First, it misread section 10-114 of the 2018 Farm Bill. Second, it did not treat hemp that was produced under the 2014 Farm Bill as an agricultural commodity under the 2018 Farm Bill in subtitle G of the new law. Why isn't this just a classic case for the application of the Younger Abstention Doctrine? The reason, Your Honor, is that there are two underlying state actions. One is a criminal action. One is the NREM action. The criminal action is against the driver. There are felony trafficking charges that are specifically against the driver. My client, Big Sky, is not a party to that case. Because they're not a party to that case— Is there anything this panel of judges can do with respect to that? No, Your Honor. There's nothing you can do with it. It might leave us all scratching our heads why a truck driver would be charged with a crime in that circumstance. But why can't you vigorously litigate your position in front of the state court and see what happens? And if you come out on the wrong end, you can always come back here. Well, Your Honor, with respect to the criminal action, my client is not a party to that action. And so they would not have an adequate opportunity to raise the issues that we're raising here. I guess we're really speaking to the NREM action. And the NREM action, which is a civil action, which as I understand it, would permit you to intervene, correct? Correct. And we have intervened, Your Honor. So we have intervened. But it's the same reason as far as there is not an adequate opportunity to raise the issues there. In that particular case, the only issue there is the hemp that Big Sky, my client, bought on January 24, 2019. The judgment in that case is going to be limited to just that hemp. And the issues in this case are broader than that. Right. But if you interpose a defense that's just permitted under the 2018 Farm Bill, that would apply to future settlements as well, presumably. I mean, Idaho would certainly know that if it's going to seize more hemp coming through on the interstate, that every time it goes to an NREM proceeding, it's going to lose. Well, that might be true, Your Honor. But it's not like one-stop shopping in that situation. We'd have to take that ruling and then go to other proceedings and defend. Yeah, but that all depends on other — I mean, if Idaho loses that in front of Idaho courts, I don't understand why you think that that wouldn't be binding in future proceedings in Idaho, why the state police and the Ada County folks wouldn't figure out that this is not a winning procedure for them. Well, Your Honor, we think it's just a better issue for the federal courts, given — Well, I understand that you think you'd rather be here. Yes. But that doesn't answer the younger question. Well, so I think the issue here is that Big Sky's hemp was grown in the 2018 growing season. Yeah. And so the issue that's going to be before the state courts is just that hemp. I mean, the 2018 Farm Bill is much — has recognized that hemp is now an agricultural commodity. It's created a national marketplace for that. And at the same time, it's also recognized that the 2014 Farm Bill is still in effect. That has a sunset clause of a year after the USDA implements a federal plan and state plans. So in the meantime, that 2014 Farm Bill is going to be active. And so there's — as USDA has even acknowledged, there's going to be a — I haven't understood any of your answer, counsel. I just don't think it's been responsive at all to the question as to why you don't have an adequate remedy in front of Idaho state courts. Well, I think the answer, Your Honor, is because the issue is bigger than just that hemp. Yes, but if — sure. But you know, we only have — we only have your case in front of us right now. We don't get to decide all the cases. So we only have — we only have your case in front of us. But it's going to — And there may be some factual issues that might require development in this case. We might have to make some inquiries about who the farmer was and what licenses he was operating, whether he was operating under some pilot program for the 2014 bill or whether it was actually 2018 hemp. I mean, there might be some factual questions, and that would limit it to this case. So that's true here. We're limited to cases and controversies. I don't understand your answers being responsive at all to Judge Hawkins' question as to why Younger doesn't bar this court from interfering with Idaho proceedings where you have a full and fair opportunity to interpose this defense. We do, Your Honor. And I think — I mean, the only — the distinction that we're making is between the hemp that was grown, that was — the hemp that is specifically issued — that was specifically confiscated by the state in January of 2019, and then what happens to this 2014 Farm Bill hemp going forward. Because both of those issues need to be addressed. The Idaho court only has — Maybe — let me just see if I can frame it a little different way. What you're — what you're trying to say, I think, is that there's one load of hemp at issue here, right? And that's — is that embargoed, the one that they took off this truck? Yes, Your Honor. And — Okay. And does it have a — why don't we wait and we'll kind of march through this. And does it have a lifespan in terms of its utility for purposes of reprocessing it and using it? It does, Your Honor. It does. And what's that lifespan? It's — I mean, my understanding is if it's not stored properly, it loses its CBD components and it is no longer sort of viable as an agricultural commodity. Okay. So that was January 2019. What's happening right now in the in-rem action? So that has been stayed. And it was stayed at the request of the state pending the court's determination in this case. But I think the point we're trying to make here — Okay. Can I finish my — Oh, I'm sorry. Yes. But that one shipment is traced back to one particular row, which may or may not, depending on how you interpret the law, you know, be covered by the earlier farm bill, which was not repealed. And your concern is, how am I going to know whether I can ship this stuff through Idaho? Not just this shipment, but other farm bill. Is that your concern? Yes, Your Honor. Because it is the bigger issue. Because in the state court, the court only has jurisdiction over that hemp. It can only rule on that hemp. And this — That one? That one load of hemp. That one load of hemp that was confiscated in January of 2019. And the issue here is broader than that. The issue is what happens to 2014 hemp that has grown in the 2019 growing season and also potentially the 2020 growing season while USDA is in the process of implementing a federal plan and implementing state plans. Yes, Your Honor. If we were to grant your client the relief you seek, wouldn't that effectively enjoin the state court in rim proceedings? The state court in rim proceedings — Can I — Can we start with a yes or no? Isn't that exactly what you've asked for? Well, it's not a direct attack on that proceeding, Your Honor. I don't want to repeat my question. But is it capable of being answered with a yes or no? As a collateral attack, it is, Your Honor. It would actually have the effect, but it's not a direct effect on what happens to other hemp in the future. So you agree that granting your client the relief it seeks in this case would effectively enjoin the state court in rim proceeding? Yes?  Yes, Your Honor. Okay. Isn't that classic Younger? In this case, Your Honor, it's about being able to, I think, having the adequate opportunity to present our issues fully in the state proceedings. It sounds like you suspect things about the Idaho courts that they wouldn't be fair to your client or consider federal statutes or that sort of thing. Is that what you're saying? That's not the case, Your Honor. What we're talking about is the jurisdiction — to resolve the in-rim proceeding according to the law. Within their jurisdiction. And their jurisdiction is limited to just that hemp that was confiscated in January 2018. What would the Idaho — if the Idaho courts were to find against Idaho in that case, what do you think they would say? What would the grounds be? If they were ruled against Idaho? If you prevailed in the in-rim proceeding as an intervener, after having interposed your 2018 Farm Bill defense, what possible grounds could the Idaho courts have for ruling in your favor, other than to rule on the grounds on which you've asked them to rule? Is there another — is there another path there that wouldn't give you satisfaction because it would be a different problem? No, Your Honor. It would be the same path because we have to go through the 2018 Farm Bill. Okay. And so if they said this is permitted, Congress has preserved this right to transport hemp across State lines, even if — even if a State prohibits the possession of hemp in that State, then you would prevail on — in this case. Why wouldn't that bar Idaho from doing anything else in the future? Again, Your Honor, all I can say is that the jurisdiction of the State court is limited — is limited. It's not as broad as this court. Sure. But that's always true, counsel. I — we don't — you're not getting an advisory opinion out of this or any other court. Well, I mean, the real problem is if you're in a lower trial court in an in-rem proceeding, it doesn't bind any other court in Idaho until you get up through the Idaho Supreme Court. That could take a while for this little load of hemp. Yeah. That's true, Your Honor, and I think that's why, I mean, when the district court was addressing the younger abstention, it didn't make a ruling on it, primarily because it was kind of uncertain exactly what kind of relief we would get out of the State courts. I think that's because of the limited jurisdiction that the State courts have. And meanwhile, is the criminal proceeding going ahead, or do you not — we can always ask Idaho about that. It is still pending as far as I know, Your Honor. There are still felony charges that are against the driver of the truck. Did you want to reserve the remaining time? Yes, Your Honor. Thank you. May it please the Court. Good morning. May it please the Court. My name is Sherry Morgan. I represent Ada County and Jan Bennett's the elected Ada County prosecutor in Boise, Idaho. If we were to determine that younger abstention applies here, and the State court in-rem proceeding goes forward, and the State loses, what would be the status of the criminal prosecution against the driver? Well, Your Honor, I can't, I appreciate your question, I can't speak exactly as to what would happen with the criminal prosecution. Represent the prosecutor, right? But I can't, yes I do, and I can tell you that my client would certainly take that under great consideration as she progresses with the criminal case. So what happens in the in-rem proceeding? What is decided? So the in-rem proceeding, it is a, and I will just, for clarification purposes, it is the in-rem proceeding is with the Idaho State Police, and not the Ada County or the Ada County prosecutor. But in general, an in-rem proceeding is a proceeding, as you know, against the property itself. I believe the only remaining property is the hemp, but counsel for the Idaho State Police can give you greater detail on her case. Okay. So we should talk with Idaho State Police about the in-rem proceeding? Correct. And not you? Correct. I can answer general questions about... But what should we be talking with you about? Well, with me, so we will be, we're splitting our time, as I believe you know. I would just present to the court that we agree completely with that younger abstention is appropriate in this case for the reasons that the court has stated already this morning. If the state were to lose in the in-rem proceeding, would the states have a remedy of taking an appeal to the Idaho Supreme Court? Yes. And presumably to the U.S. Supreme Court as well? If there was a federal issue, you could appeal to the U.S. Supreme Court. I mean, we're assuming there's a federal issue, right? That seems to be the question. Correct. So, yes. Okay. And if you were to prevail in the in-rem, would Big Sky have the opportunity to take an appeal to the Idaho Supreme Court? Yes. And to the U.S. Supreme Court? Yes. And can you raise a U.S. constitutional claim in the in-rem proceeding? Yes. Okay. If you were to lose at all levels, if the state were to lose at all levels in the in-rem proceeding, what would happen for the next shipment of hemp that goes from Oregon to Colorado? Well, Your Honor, I would certainly hope by that point the USDA would have the Subtitle G regulations in place. Well, if they don't. It might not. If they don't, I — I mean, doesn't this — doesn't the judgment from the Idaho Supreme Court telling you that you can't seize this in-rem govern future shipments? That has the pure effect of law, controlling law. Yes. But the reality — but let's look at the reality. Between now and however many months or years it might take to get to the Idaho Supreme Court, this product cannot, in Idaho's view, legally pass through Idaho, right? At this moment in time, until the Subtitle G regulations are in place, correct? So in other words, there is basically solely by administrative fiat of how you interpret the regulations. And I have some question about that. Yes. But we've got to do abstention first. You basically have an injunction against all hemp coming through there. I guess you've got to go down and around and over or up. Which is available. Montana. Down through Nevada? That's certainly an option. Through Nevada or up through Montana, I guess. Sure. You'd still have to cross — No, I can't go through Montana because you'd have to cross that tiny little peninsula up there. Yes, a little bit of Idaho. Yes. But you could go south. You could go south and transport from Oregon to wherever. Yes. But just not in Idaho. Not just through Idaho until the Subtitle G regulations are in place. But until the 2018 Farm Bill, they couldn't have done it either, right? That's correct. I mean, this is not — there's a change in the law only if we're confident that we know how the law has changed. That is correct. And we believe the law isn't fully implemented until those Subtitle G regulations are in force, are in place, which gives states guidance as to how to deal with this very issue. Had Big Sky waited like we believe they should have until those Subtitle G requirements were in place, we wouldn't be here today. It's our opinion. They just acted too early. They just jumped the gun and have created this issue that we find ourselves in today. Could they have sought advance guidance from either Ada County or the Idaho State Police? I'm sorry? Could they have sought advance guidance? Could they have said, hey, we've got a shipment. We're bringing it through. We want to know whether this is going to be a problem. This is the way we read the law. They could have asked, and we would have advised how we did advise.  I can speak for myself. My office and, I believe, counsel for the Idaho State Police wasn't even aware of the 2018 Farm Bill, the end of January, when we received the letter from Big Sky's counsel saying you erroneously seized our property. That was our first notice that this law had even been passed. So it has been... Imagine the driver's surprise. I think the driver was surprised. I would agree with that. Is he currently detained? He is not. He is not. He's a contract driver. He's not an employee, correct? Correct. So the problem we have, how I see it, is we have the 2018 Farm Bill being enacted in December of 2018, and then at some point in the future, hopefully very soon, we will have the United Adopting the regulations. We have this gap time. So that's the only amount of time we're talking about. Just this limited amount of time, which hopefully is getting shorter as we're getting closer to the regulations being adopted. Suppose the panel were to decide that younger abstention applies, it would leave the state court in rim proceeding free to go forward. Correct. And before it reached a conclusion on the merits, these regulations, subsection G or whatever, were put into full force and effect, what would be Idaho's position? Well, if this court abstained and we still had the two criminal cases, the criminal case and the forfeiture case going forward, I am certain that would be taken into account going that would be my presumption at this point. Presumably, even if the Department of Agriculture issued the regulations, it wouldn't apply retroactively. It wouldn't make this shipment lawful. That's correct. That's correct. You might, in an exercise of discretion, say, well, okay, let's move on. Or you, depending on how the law is interpreted, Idaho could be wrong in its interpretation, in which case I guess you can bundle up this shipment and send it on its way. Well, and regarding the facts regarding this particular shipment, the record in this case, we don't have enough information whether or not it actually was produced in accordance with the 2014 Farm Bill. We don't, meaning at this stage of the proceedings? At this stage in the proceedings. In fact, the evidence tends to point in the opposite direction, that this was purely a And obviously Big Sky as well, that it wasn't part of a pilot program. It wasn't a research program. It was a commercial program, pure and simple. I think you've just told the other side what your position will be in the interim proceeding. Had they approached us? No. I think you've just told them that if we apply Younger abstention, it goes back to the state court interim proceeding. I think you've just told the other side what your position will be. And we will see what that court says. And we will certainly abide by the Idaho Supreme Court's direction in that case. I see my time is up. Thank you very much. Hello. Merritt Dublin for the Idaho State Police. First, I'd like to make one correction to what Big Sky's counsel said with respect to the status of the forfeiture. The district court has stayed the forfeiture proceeding pending both the resolution of this case and the criminal case. But the stay pending the resolution of this case was pursuant to Big Sky's request who had sought dismissal of Big Sky pending resolution because of this case proceeding. So let me just understand that the in-rem case has stayed pending the criminal case? It is stayed pending the criminal case. And that is a common procedural avenue because of the right not to self-incriminate in a criminal proceeding. There may be discovery issues. So that gives me pause, and let me tell you why. Because Big Sky is not a party to the criminal case. We've got an independent contract driver who apparently, unfortunately, drove this truck through Idaho. And although he may have some incentive to try to get the law interpreted in one way or another, Big Sky is not there. So his criminal prosecution is going to go forward based on Idaho's interpretation that this shipment is illegal because it doesn't comport with various aspects of the law. Correct. So the options are either there's a ruling on that, he pleads guilty, you give him some kind of diversion or not, or he goes to trial. But Big Sky is not there. So in that regard, it seems to me, since that is the procedure in Idaho, that gives me pause about whether we should abstain because Big Sky doesn't have any stake in the criminal proceeding. So there are several answers to that question. First of all, there is a rule in the criminal procedure that allows any person with an interest in property that's being held for the criminal proceeding to apply at any time for that property, and they have not done so. So they could have been a claimant in the criminal case. But secondly, the forfeiture... But that still wouldn't... You could be a claimant in the criminal case, but that doesn't resolve the issue of whether about the law one way or the other. It would because their claim would be that they're entitled to it because of the claims they've raised here. That same court would have to decide that question. But the more relevant or the more appropriate way to respond to your question is that the criminal proceeding is on a faster track and the forfeiture proceedings are on a faster track than a district court proceeding. Both of those proceedings would be resolved more quickly than the underlying action in federal court here. The criminal proceeding would be resolved under the right to speedy trial unless the defendant waives it, which as far... There's nothing in the record to suggest that that's happened. That's the speedy trial rule in Idaho. I believe it's 90 or 60 days, but I... We're way past that. I'm not the... I mean, but you should know this if we're here to try to figure out. I mean, speedy trials come and gone unless there's been some kind of extension. Putting aside the speedy trial as a matter of whether it's waived or not, the criminal proceeding will be resolved faster and the forfeiture proceeding will be resolved faster. Forfeiture is... But why do you say that? What if we were to say, okay, no abstention because we've got this odd situation of the forfeiture being stayed because of the criminal action and just hypothetically we were to look at the law and say, you know, the district court's wrong here. The law should be interpreted as X. What's to say then the district court proceeding isn't determined? I believe we're here on a motion for... Or a district court decision on a preliminary injunction. Correct. So we would be... If you disagreed with our position, you would be telling the district court that its decision of likelihood of success on the merits was incorrect. As a matter of law. As a matter of law, but it would still be sent back to the district court or should be sent back to the district court on the remaining Winters factors. So we're still going back to the preliminary injunction case. Anyway, I don't think the timing argument holds a lot of water because you can't... There's too many variables that you can't tell us about. If we thought that the district court was wrong here and we didn't think that younger abstention applied for whatever reason, and so that the district court believed that it should issue the preliminary injunction, it's enjoining what? I'm sorry, could you say that? If the district judge were to enjoin... What is Big Sky asked to be enjoined here? The forfeiture proceeding? The Big Sky has asked for a mandatory injunction. Against what? Against Idaho State Police enforcing the controlled substance law against its load of hemp. Okay. But that's the in rem proceeding. I believe that that's the complaint in this case as well. I think there's two things. One is a declaratory judgment that such-and-such is the interpretation of law, and the other is give us back our hemp. Correct. So there's two things. Correct. They're asking for their hemp back. Right. But that is interference with the forfeiture proceeding. Correct. Right. But the forfeiture proceeding is stayed. Yes. At their request. Correct. Well, they asked to dismiss it, but the court denied the motion to dismiss and stayed it. So Idaho is willing to let the criminal proceeding against the driver go forward in the absence of a determination that Big Sky is correct about the federal farm bill? Well... Can you start with a yes or no? Yes. In the sense that that argument will also be raised as a defense for that driver if it gets to that point. By the driver. The driver will raise... Big Sky can't go in there and argue for the driver. But that would be the logical defense for the driver to raise. It would be in front of the court. But Big Sky is the party. You're not the driver. Correct. But the issue, the legality of the action, the legality of the hemp in the state of Idaho will be decided if it gets to that point, which the prosecutor's office has the discretion to consider all the factors in determining a plea bargain. But Big Sky can apply in the criminal proceeding for its property back. Correct. It can. The quirk here is that it doesn't have a right of automatic appeal to the Idaho Supreme Court. And their argument about not having a right of automatic appeal, they still have plenary review. They still have the opportunity. That does not mean they don't have the full or fair opportunity. They're simply saying it's rare. But they also have the opportunity to aggressively defend their position in the forfeiture action. And instead, they chose to file a motion to dismiss. They could have immediately filed the same type of injunctive or same type of emergency relief in the forfeiture. And they chose not to do that. The state stayed the in-rem action? It stayed the in-rem action. At Big Sky's request. There were two motions pending. One motion was to stay, was to dismiss by Big Sky, and the court rejected that and decided to stay it pending the federal, stay it pending this case instead of dismiss for Big Sky. It granted the stay that the Idaho State Police filed for the criminal to allow the criminal to proceed so that there would not be discovery issues, which is common. That troubles me because if we were only looking at the in-rem issue, it would seem that the abstention might be a cleaner question. But since that has stayed at Idaho's request pending the criminal action, and the ability to maneuver in the criminal action is a little bit different than the civil action, that's a concern. Well, and I do appreciate the concern. However, had Big Sky litigated its federal and constitutional issues and brought those forward in that forfeiture rather than asked to have been dismissed, the result very likely would have been different. But why wouldn't you first ask to dismiss it, then you lose and you say, okay, now I have to litigate it. I mean, I don't see any inconsistency in that approach. Here's the problem with that. Big Sky doesn't know what the position is going to be in this court, and they moved to dismiss. They could have lost their entire ability to seek any relief whatsoever had the district court decided to dismiss as they had requested. The district court decided that wasn't a good idea. The district court decided that there may be parties that are without a remedy in that proceeding. So had Big Sky said, we will litigate this action here, and we will raise our constitutional and federal claims here immediately and seek emergency relief, then the court would have entertained that motion instead of determining that it should be stayed. Of course, it doesn't really matter because the state says, as a matter of course, you always stay these things pending the criminal. I wouldn't say as a matter of course. I would say it can be common. It's common, depending on the issues and depending on whether, for example, the driver's testimony would be necessary in the forfeiture. Let me sharpen the pencil just a little bit more. Younger abstention is discretionary. Correct. And at least speaking for me, the decision of the state to go forward with the criminal proceeding against the driver before the in-rim proceedings are decided in Idaho District Court gives me great pause as to whether to apply Younger. It just makes no sense whatsoever. The Idaho courts are free to do what they want. We're free as a matter of discretion to decide whether to apply Younger or not. So at least for me, in the absence of assurance that the in-rim proceeding will go forward with Big Sky as a party where they can litigate their Farm Act defenses caused me great pause. And if this- You can do whatever you want with that. I may not be able to convince my friends, but as far as I'm concerned, you've now created a problem with me. So if this court exercises the discretion to abstain under Younger, the forfeiture will be ripe for decision. No, we aren't going to exercise the discretion. The district court has the discretion. We generally defer to that discretion. So if we were to take the district court's determination and say, okay, we don't overturn the decision to move forward, and then we were to decide the statutory interpretation, your answer is that then the in-rim action would go forward? Correct. Why? Because it would be ripe to go forward. I don't know. In advance of the criminal proceeding? Is there a trial? The criminal proceeding will be resolved shortly. But you can't tell us when that is. We don't even know when the speedy trial or- Is there a trial date? I am not familiar with whether or not there is a trial date. So I don't know how we know it's going to be resolved shortly. Does Ada County know whether there's a trial date? Did anyone look at the docket before coming here? Does anybody from Big Sky know? I do know that there is, and it's not in the record, but there is a plea agreement in discussion and that it's going to be resolved. Are either you or counsel for Ada County prepared to tell this court that if we apply younger abstention, the in-rim proceeding will go forward to conclusion, including the determination of Big Sky's Farm Act rights, before the criminal proceeding is resolved? Do you understand my question? I do. And what I can say is that if this court abstains and sends it to- not this court abstains- You've now said that- If the federal court abstains- What I'm asking is, either you or Ms. Morgan prepared to tell this court today that if the panel applied younger abstention, the in-rim proceeding would go forward to a decision on the merits in Idaho District Court before resolution of the criminal case? No. You don't have that authority? I have the authority to tell you that we would move to lift the stay to proceed with the forfeiture. I have no control over the process or how quickly or slowly the criminal case will resolve. The answer to my question is you're without authority to make that assurance. I cannot make authority to make the assurance as to what will happen in criminal. I can assure you that we will move to lift the stay to proceed in the forfeiture. You only control the in-rim. You're the Idaho State Police. Correct. And I'm saying- You don't control the prosecution. Correct. That's Ms. Morgan. That's where I'm hesitating. I can control the in-rim and I can tell you we will lift the stay- we will move to lift the stay to proceed in the in-rim. I cannot make that assurance with respect to what happens in the criminal process. Because that's not your client.  It's not my client. Ms. Morgan, are you prepared to make that assurance? Your Honor, I can tell you from the criminal case standpoint, I am allowed to tell you that there are conversations occurring between the prosecutor and the defense like it typically occurs in criminal cases. I believe, and I don't want to say anything more than that because I don't want to jeopardize that case or any outcome in that case. But it's my belief standing here today that that case will be resolved very shortly. Thank you. I appreciate the representations. Let me just say this is very unusual because when the district court made its decision not to abstain, of course it was dealing with the record it had before it. And we understand that the fast-forward record, which is not before this court other than your good faith representations, is not one that the district court has. I appreciate it. Thank you. Thank you. Your time has expired by 10 minutes. Thank you. We'll hear from Big Sky. Thank you, Your Honor. I guess I'll take another shot. I mean, I think what this demonstrates is that it's entirely uncertain about what is happening in the Idaho state courts and how Big Sky could pursue its claims there given the uncertainty in those matters. And that's why the district court did not rule on younger abstention down below because of the uncertainty that is inherent in those procedures. I'd also like to make just a few clarification points with respect to the criminal action. Idaho criminal rule 41.1 would allow an interested party to go in and seek the forfeited property. But there is no right of appeal. There is no automatic right of appeal to the Idaho appellate courts on that issue. But on a substantial question of Federal law, it just seems quite likely that the Idaho Supreme Court would grant review. I mean, it isn't that you can't take an appeal. It's just that you don't have one of a right. It's like certiorari jurisdiction. But this is a very important question. There's a lot of money at stake and a very significant new law. Idaho has a very substantial interest in this thing. That is true, Your Honor, but that is still a procedural bar. There's no direct right. It is completely discretionary on the Idaho appellate courts on whether or not to take this. They could punt. That would leave Big Sky nowhere. Let's say it were to go back to the district court and just hypothetically it would go back on a determination that you might succeed on the merits in terms of statutory interpretation. But as counsel has pointed out, there's some potentially big factual issues here about whether this was a commercial operation or whether it was part of the safe harbor under the previous Farm Bill. So what would you see happening if this goes back to the district court? I think if the court is uncomfortable with the factual findings that the district court made, I think it would be appropriate to remand for the court to make those findings. We think there's enough in the record that shows that the Oregon pilot program was in place. It allowed the commercial production of hemp. Big Sky was very deliberate and intentional in making sure that the hemp Did you raise the pilot program before the district court? Yes, sir, absolutely. Where? In the reply brief, in the original briefing. I mean, our entire argument, Your Honor, was that this was legal under the 2014 Farm Bill, which means that it was legal under Oregon. I looked at your — in your reply brief, you've raised this. In your reply brief to us, you've raised this. I looked at the transcript citations that you had there. I just didn't see a coherent argument that this was research hemp. I didn't see that you ever raised that before the district court. The argument has always been, Your Honor, that this was 2014 hemp, that this was produced under the 2014 Farm Bill, and that is because it was produced under the Oregon pilot program. It couldn't have been produced under the 2014 Farm Bill if it wasn't produced in Oregon and pursuant to that program. And in this particular case, that's what we argued over and over again, that because it was 2014 Farm Bill hemp, it was a legal agricultural commodity as recognized in the 2018 Farm Bill. And so that claim has been consistent throughout. And I think I just kind of end just with respect that this is an important federal issue. I mean, the hemp here originated in a state where it was a legal agricultural commodity. It was destined for a state where it was a legal agricultural commodity. And the only reason it got seized is because it had the misfortune of going through Idaho because it was not considered as an agricultural. Sent it through Nevada. In retrospect, Your Honor, it should have sent it through Nevada. But that's where the Commerce Clause comes in play. That's where Section 10-114 of the 2018 Farm Bill comes in play to ensure that this situation can't happen. Because if it's allowed to happen, it's going to continue to happen despite what Congress has directed in 10-114. Thank you. The case just argued of Big Sky Scientific v. Bennetts is submitted and we're adjourned for the morning. Thank all of you for your arguments and also for your efforts to try to clarify the record. We very much appreciate that. Thank you. We're adjourned.
judges: Hawkins, McKeown, Bybee